

ORIGINAL

**COPULOS FISHER & ROYLO**
**A Limited Liability Law Company**

WILLIAM COPULOS          4908-0
DONALD E. FISHER          6268-0
RYAN W. ROYLO            6329-0
American Savings Bank Tower
1001 Bishop Street, Ste. 1510
Honolulu, Hawaii 96813
Telephone: (808) 536-0500
Facsimile: (808) 536-0021
E-Mail: rroylo@copuloslaw.com

**GUSTAFSON GLUEK PLLC**

DANIEL E. GUSTAFSON      202241
RENAE D. STEINER         222392
JASON S. KILENE          024773X
650 Northstar East
608 Second Avenue South
Minneapolis, Minnesota 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-Mail: jkilene@gustafsongluek.com

Attorneys for Plaintiff
FRED I. WAKI, and all others similarly
situated

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 4 2007

at 7 o'clock and 30 min. A M
SUE BEITIA, CLERK

See revisions
made by court

LODGED

MAR 3 0 2007 3:30pm

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

FRED I. WAKI, and all others similarly
situated,

           Plaintiff,

     vs.

Civil No. CV 07 00178 SOM BMK

PLAINTIFF'S EX PARTE MOTION
FOR LEAVE TO FILE
COMPLAINT UNDER SEAL;
MEMORANDUM IN SUPPORT;
DECLARATION OF RYAN W.

SEALED
BY ORDER OF THE COURT

LG PHILIPS LCD COMPANY, LTD;
LG PHILIPS LCD AMERICA, INC.;
LG ELECTRONICS, INC.; ROYAL
PHILIPS ELECTRONICS NV;
SAMSUNG ELECTRONICS CO.,
LTD.; SAMSUNG
SEMICONDUCTOR, INC.; AU
OPTRONICS CORPORATION
AMERICA; CHI MEI
OPTOELECTRONICS; CHI MEI
OPTOELECTRONICS USA, INC.;
SHARP CORPORATION; SHARP
ELECTRONICS CORPORATION;
TOSHIBA CORPORATION;
MATSUSHITA DISPLAY
TECHNOLOGY CO., LTD.; HITACHI,
LTD.; HITACHI DISPLAYS, LTD.;
HITACHI AMERICA, LTD.; HITACHI
ELECTRONIC DEVICES (USA),
INC.; SANYO EPSON IMAGING
DEVICES CORPORATION; NEC
CORPORATION; NEC LCD
TECHNOLOGIES, LTD.; IDT
INTERNATIONAL LTD.;
INTERNATIONAL DISPLAY
TECHNOLOGY USA, INC.;
CHUNGHWA PICTURE TUBES,
LTD.; and HANNSTAR DISPLAY
CORPORATION,

     Defendants.

ROYLO; ORDER GRANTING
PLAINTIFF'S EX PARTE MOTION
FOR LEAVE TO FILE
COMPLAINT UNDER SEAL

## PLAINTIFF'S EX PARTE MOTION FOR
## LEAVE TO FILE COMPLAINT UNDER SEAL

Comes now PlaintiffS FRED I. WAKI, and all others similarly

situated, ("Plaintiffs") moves this Court, *ex parte*, for an order granting Plaintiff

leave to file the Complaint under seal.

This motion is made pursuant to Rule 7(b), Federal Rules of Civil

Procedure, and is based upon the Memorandum in Support of Motion, declaration

of Ryan W. Roylo, and the records and files herein.

Dated Honolulu, Hawaii:  March 30, 2007.

RYAN W. ROYLO
**Copulos Fisher & Roylo, LLLC**
American Savings Bank Tower
1001 Bishop Street
Suite 1510
Honolulu, HI 96813

Daniel E. Gustafson (#202241)
Renae D. Steiner (#222392)
Jason S. Kilene (#024773X)
**Gustafson Gluek PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| FRED I. WAKI, and all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>LG PHILIPS LCD COMPANY, LTD;<br>LG PHILIPS LCD AMERICA, INC.;<br>LG ELECTRONICS, INC.; ROYAL<br>PHILIPS ELECTRONICS NV;<br>SAMSUNG ELECTRONICS CO.,<br>LTD.; SAMSUNG<br>SEMICONDUCTOR, INC.; AU<br>OPTRONICS CORPORATION<br>AMERICA; CHI MEI<br>OPTOELECTRONICS; CHI MEI<br>OPTOELECTRONICS USA, INC.;<br>SHARP CORPORATION; SHARP<br>ELECTRONICS CORPORATION;<br>TOSHIBA CORPORATION;<br>MATSUSHITA DISPLAY<br>TECHNOLOGY CO., LTD.; HITACHI,<br>LTD.; HITACHI DISPLAYS, LTD.;<br>HITACHI AMERICA, LTD.; HITACHI<br>ELECTRONIC DEVICES (USA),<br>INC.; SANYO EPSON IMAGING<br>DEVICES CORPORATION; NEC<br>CORPORATION; NEC LCD<br>TECHNOLOGIES, LTD.; IDT<br>INTERNATIONAL LTD.;<br>INTERNATIONAL DISPLAY<br>TECHNOLOGY USA, INC.;<br>CHUNGHWA PICTURE TUBES,<br>LTD.; and HANNSTAR DISPLAY | Civil No. _____<br><br>MEMORANDUM IN SUPPORT |

CORPORATION,

Defendants.

## MEMORANDUM IN SUPPORT

### I.    BACKGROUND

This case arises out of a long-running nationwide conspiracy beginning no later than January 1, 2002 ("Class Period"), among all Defendants and their co-conspirators with the purpose and effect of fixing prices, allocating market shares, eliminating and suppressing competition, constraining supply, limiting capacity, and committing other unlawful practices designed to inflate and stabilize the prices of Thin-Film Transistor Liquid Crystal Displays (TFT-LCDs or panels).

Plaintiff FRED I. WAKI brings this class action lawsuit pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, on behalf of himself and all others similarly situated "indirect purchasers", to recover damages under Hawaii state consumer protection and common laws, and to recover the costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated sustained as a result of Defendants' violations of those laws including unfair and deceptive acts or practices.

Plaintiff seeks a Court order to allow the filing of the subject complaint under seal pursuant to the requirements of state law for this type of lawsuit.

## II.    DISCUSSION

Hawaii Revised Statutes ("HRS") §480-13.3 provides that class actions brought by private persons may be prosecuted on behalf of indirect purchasers, but requires that the complaint be filed in camera and remain under seal.

> (1)    A filed copy of the complaint and all relevant supporting and exculpatory materials in possession of the proposed class representative or its counsel shall be served on the attorney general not later than seven days after filing of the complaint.  The complaint shall be filed **in camera**, and shall not be served on the defendant until the court so orders.  The complaint shall **remain under seal** for at least sixty days after service on upon the attorney general of the complaint…
>
> (emphasis added)

In this matter, since the nature of this class action lawsuit falls squarely within the category of lawsuits encompassed by HRS §480-13.3, as a matter of law, Plaintiff's must file the subject complaint under seal.

## III.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Ex Parte

Motion for Leave to File Complaint Under Seal be granted.

Dated Honolulu, Hawaii:  March 30, 2007.

RYAN W. ROYLO
**Copulos Fisher & Roylo, LLLC**
American Savings Bank Tower
1001 Bishop Street
Suite 1510
Honolulu, HI 96813

Daniel E. Gustafson (#202241)
Renae D. Steiner (#222392)
Jason S. Kilene (#024773X)
**Gustafson Gluek PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| FRED I. WAKI, and all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>LG PHILIPS LCD COMPANY, LTD; LG PHILIPS LCD AMERICA, INC.; LG ELECTRONICS, INC.; ROYAL PHILIPS ELECTRONICS NV; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS; CHI MEI OPTOELECTRONICS USA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; TOSHIBA CORPORATION; MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SANYO EPSON IMAGING DEVICES CORPORATION; NEC CORPORATION; NEC LCD TECHNOLOGIES, LTD.; IDT INTERNATIONAL LTD.; INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; CHUNGHWA PICTURE TUBES, LTD.; and HANNSTAR DISPLAY | Civil No. _____<br><br>DECLARATION OF RYAN W. ROYLO |

CORPORATION,

      Defendants.

## DECLARATION OF RYAN W. ROYLO

I, RYAN W. ROYLO, declare:

1.     I am an attorney duly licensed to practice law and appear before the Courts in the State of Hawaii, am an the attorney for Plaintiff in the above-entitled action, am personally familiar with the facts of the case herein, and is competent to testify to the matters set forth herein.

2.     This lawsuit is a class action against certain product manufacturers that alleges unfair and deceptive acts or practices on the part of the defendants.

3.     It appears that the nature and type of this lawsuit falls under the scope of HRS §480-13.3.

4.     Plaintiff requests leave to file the Complaint under seal because it is his understanding that he is required to do so under the law of the State of Hawaii.

I declare under the penalty of perjury under the laws of the State of Hawaii that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawaii, March 30, 2007.

_____
RYAN W. ROYLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| FRED I. WAKI, and all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>LG PHILIPS LCD COMPANY, LTD; LG PHILIPS LCD AMERICA, INC.; LG ELECTRONICS, INC.; ROYAL PHILIPS ELECTRONICS NV; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS; CHI MEI OPTOELECTRONICS USA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; TOSHIBA CORPORATION; MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SANYO EPSON IMAGING DEVICES CORPORATION; NEC CORPORATION; NEC LCD TECHNOLOGIES, LTD.; IDT INTERNATIONAL LTD.; INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; CHUNGHWA PICTURE TUBES, LTD.; and HANNSTAR DISPLAY | Civil No. _____<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL |

CORPORATION,

        Defendants.

### ORDER GRANTING PLAINTIFF'S EX PARTE
### MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

        Upon review of Plaintiff's Ex Parte Motion for Leave to File

Complaint Under Seal and the Declaration of Ryan W. Roylo attached hereto, and

good cause appearing therefore,

        IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Leave

to File Complaint Under Seal is GRANTED,

        DATED:  Honolulu, Hawaii, _____ 4/3/07 _____.

_____

Judge of the above-entitled Court

*and the Complaint shall be sealed for 60 days following service upon the State of Hawaii's Attorney General. Unless an extension is granted, the Complaint shall thereafter be unsealed.*

See revisions made by court

2