**COPULOS FISHER & ROYLO**
**A Limited Liability Law Company**

DONALD E. FISHER          6268-0
RYAN W. ROYLO             6329-0
American Savings Bank Tower
1001 Bishop Street, Ste. 1510
Honolulu, Hawaii 96813
Telephone: (808) 536-0500
Facsimile: (808) 536-0021
E-Mail:    rroylo@copuloslaw.com

**GUSTAFSON GLUEK PLLC**

DANIEL E. GUSTAFSON        202241
RENAE D. STEINER           222392
JASON S. KILENE            024773X
650 Northstar East
608 Second Avenue South
Minneapolis, Minnesota 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-Mail:    jkilene@gustafsongluek.com

Attorneys for Plaintiff
FRED I. WAKI, and all others similarly
situated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| FRED I. WAKI, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LG PHILIPS LCD COMPANY, LTD; | Civil No. CV 07-00178 (SOM/BMK)<br><br>PLAINTIFF'S EX PARTE MOTION FOR SECOND EXTENSION OF TIME FOR SERVICE OF COMPLAINT FILED MARCH 30, 2007; ORDER GRANTING PLAINTIFF'S EX PARTE MOTION |

| | |
|---|---|
| LG PHILIPS LCD AMERICA, INC.; LG ELECTRONICS, INC.; ROYAL PHILIPS ELECTRONICS NV; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS; CHI MEI OPTOELECTRONICS USA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; TOSHIBA CORPORATION; MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SANYO EPSON IMAGING DEVICES CORPORATION; NEC CORPORATION; NEC LCD TECHNOLOGIES, LTD.; IDT INTERNATIONAL LTD.; INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; CHUNGHWA PICTURE TUBES, LTD.; and HANNSTAR DISPLAY CORPORATION,<br><br>            Defendants. | FOR SECOND EXTENSION OF TIME FOR SERVICE OF COMPLAINT FILED MARCH 30, 2007; DECLARATION OF RYAN W. ROYLO; EXHIBIT "1" |

## PLAINTIFF'S EX PARTE MOTION FOR SECOND EXTENSION OF TIME FOR SERVICE OF COMPLAINT FILED MARCH 30, 2007

Comes now Plaintiff FRED I. WAKI, moves this Court, *ex parte*, for an order granting Plaintiff an extension of time from November 24, 2007, up to and including March 23, 2008, within which to serve the Complaint upon the above-named Defendants.

This motion is made pursuant to Rules 4(m) and 6(b) of the Federal Rules of Civil Procedure, Local Rule 6.2, and is supported by the attached declaration and the pleadings and files herein.

DATED: Honolulu, Hawaii, November 8, 2007.

/s/ RYAN W. ROYLO

Attorney for Plaintiff
FRED I. WAKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| FRED I. WAKI, and all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>LG PHILIPS LCD COMPANY, LTD; LG PHILIPS LCD AMERICA, INC.; LG ELECTRONICS, INC.; ROYAL PHILIPS ELECTRONICS NV; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS; CHI MEI OPTOELECTRONICS USA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; TOSHIBA CORPORATION; MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SANYO EPSON IMAGING DEVICES CORPORATION; NEC CORPORATION; NEC LCD TECHNOLOGIES, LTD.; IDT INTERNATIONAL LTD.; INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; CHUNGHWA PICTURE TUBES, LTD.; and HANNSTAR DISPLAY | Civil No. CV 07-00178 (SOM/BMK)<br><br>DECLARATION OF RYAN W. ROYLO |

CORPORATION,

Defendants.

### DECLARATION OF RYAN W. ROYLO

I, RYAN W. ROYLO, declare:

1. That he is an attorney duly licensed to practice before the courts in the State of Hawaii, is the attorney for Plaintiff in the above-entitled action, is personally familiar with the facts of the case herein, and is competent to testify to the matters set forth herein.

2. The Complaint in the above-entitled matter was filed on March 30, 2007.

3. Pursuant to Hawaii Revised Statutes ("HRS") §480-13.3, as a matter of law, Plaintiff was required to file the subject complaint under seal.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP"), the service of Complaint upon Defendant must be effectuated within 120 days, or on or before July 27, 2007.

5. Since the filing of the Complaint on March 30, 2007, I have been informed that numerous similar class action lawsuits have been filed in several federal courts around the country. It is my understanding that certain

mainland law firms are seeking to consolidate all class action lawsuits involving the same issues and defendants in a single circuit/court.

6. The mainland law firms may require additional time to complete the consolidation of the various class action lawsuits.

7. On July 24, 2007, due to the pending consolidation, Plaintiff requested a four-month extension from July 27, 2007, up to and including November 24, 2007, within which to serve the Complaint and Summons upon Defendants.

8. On May 18, 2007, the Department of the Attorney General, State of Hawaii, indicated that it would not proceed with this lawsuit and would not file its own lawsuit involving the same or similar claims or claims as set forth in the Complaint filed under seal on March 30, 2007.

9. Attached hereto as Exhibit "1" is a true and correct copy of Rodney I. Kimura's May 18, 2007 letter.

10. Since it did not appear that the Department of the Attorney General, State of Hawaii informed the Court of its inclination as of October 30, 2007, Plaintiff filed an Ex Parte Motion to Unseal the Complaint filed March 30, 2007.

11. On October 31, 2007, this Honorable Court granted Plaintiff's Ex Parte Motion to Unseal the Complaint filed on March 30, 2007.

12. The expiration of the 120-day deadline as well as the upcoming 120-day extension was due to a combination of awaiting the outcome of the consolidation proceedings on the mainland, awaiting the Department of the Attorney General, State of Hawaii's position on this lawsuit, as well as filing the proper papers to unseal the complaint filed on March 30, 2007 and not in an effort to delay this litigation or in bad faith.

13. Plaintiff awaits confirmation of consolidation in the United States District Court, Northern District of California.

14. Plaintiff requests a second four-month extension from November 24, 2007, up to and including March 23, 2008, within which to transfer this matter to the United States District Court, Northern District of California and serve the Complaint and Summons upon Defendants.

I, RYAN W. ROYLO, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, November 8, 2007.

/s/ RYAN W. ROYLO

EXHIBIT "1"



LINDA LINGLE  
GOVERNOR

MARK J. BENNETT  
ATTORNEY GENERAL

LISA M. GINOZA  
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**  
**DEPARTMENT OF THE ATTORNEY GENERAL**  
425 QUEEN STREET  
HONOLULU, HAWAII 96813  
(808) 586-1800

May 18, 2007

<u>**VIA TELEFACSIMILE AND U.S. MAIL**</u>

Ryan W. Roylo, Esq.  
Copulos Fisher & Roylo  
1001 Bishop Street  
American Savings Tower - Suite 1510  
Honolulu, Hawaii 96813

**CONFIDENTIAL**

Dear Mr. Roylo:

    Re: <u>Waki v. LG Philips, et. al., Civil No. CV07-00178 (SOM/BMK)</u>

On April 4, 2007, the Department of the Attorney General received a sealed copy of a complaint for a class action filed on March 30, 2007, in the United States District Court for the District of Hawaii, Civil No. CV07 00178 SOM-BMK. Your letter indicated that the complaint was being provided pursuant to section 480-13.3, Haw. Rev. Stat.

In our letter dated April 9, 2007, we informed you that service of the complaint was not accompanied by service of "all relevant supporting and exculpatory materials in possession of the proposed class representative or its counsel" as is required by section 480-13.3.

On May 15, 2007, your office delivered materials along with a cover memo which referred to the materials as "Supporting documents for the LCD Antitrust Litigation." There was no representation that the materials constituted "all relevant supporting and exculpatory materials" nor were the materials indexed or otherwise correlated to the allegations in the complaint. Since our letter dated April 9, 2007 apprised you of the statutory obligation to provide "all relevant supporting and exculpatory materials," we will assume that the delivered materials constitute a good faith effort by you and your office to comply with the obligation.

Ryan W. Roylo, Esq.
May 18, 2007
Page 2

  Based on our review of the materials provided, the department hereby provides notice that it will not proceed with the action or file its own action involving the same or similar claims set forth in the Complaint. Please note, however, that the statute provides the Attorney General with the right to seek to intervene at any time. See, section 480-13.3(a)(5)(C). Nothing in this letter constitutes a waiver or limitation of that right by the Attorney General in any way.

            Very truly yours,

            Rodney I. Kimura
            Deputy Attorney General

RIK/jth

237456_1.DOC